# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JENNIFER A. GILL,

    **Plaintiff,**

v.

STATE OF KANSAS DEPARTMENT FOR
AGING AND DISABILITY SERVICES, et al.,

    **Defendants.**

Case No. 5:18-cv-04118-HLT-KGG

## MEMORANDUM AND ORDER

Plaintiff Jennifer A. Gill brings this action alleging claims for sex discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, violation of her federally-protected rights pursuant to 42 U.S.C. § 1983, and intentional infliction of emotional distress under Kansas common law. Doc. 1. Defendants State of Kansas Department for Aging and Disability Services ("KDADS") and Timothy Keck (Secretary of KDADS) move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to state a claim upon which relief can be granted. Doc. 6.

For the reasons set forth below, the Court finds that Plaintiff has failed to exhaust her administrative remedies with respect to her Title VII claims and, therefore, dismissal of those claims under Rule 12(b)(6) is warranted. The Court further finds that Plaintiff has failed to allege facts sufficient to establish her claim under § 1983. And, finally, given its dismissal of the foregoing federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for intentional infliction of emotional distress and accordingly dismisses that claim without prejudice.

## I. BACKGROUND[1]

### A. Factual Background

From April 2015 until her termination in December 2016, Plaintiff was employed as the Assistant Director of Equi-Venture Farms ("EVF"), which provides day and residential services for adults with developmental disabilities. Doc. 1 ¶ 11. EVF's license to operate is issued by KDADS. *Id.* at ¶ 13. Throughout her employment with EVF, Plaintiff reported to EVF's Executive Director, Ben Swinnen. *Id.* at ¶ 12. After a complaint was raised regarding local policy enforcement, Mr. Swinnen directed Plaintiff to work with KDADS—specifically, Brandt Haehn, Home and Community Based Services Commissioner at KDADS—to resolve the complaint. *Id.* at ¶¶ 14-15.

Plaintiff alleges that during the course of their work together, from September to December 2016, Mr. Haehn repeatedly sent sexual messages, pictures, and video to her on her EVF-paid cell phone. *Id.* at ¶ 17. On or about December 2, 2016, Plaintiff emailed Mr. Swinnen to report Mr. Haehn's actions and request guidance and assistance. *Id.* at ¶ 21. When Mr. Haehn's conduct persisted, Plaintiff again complained to Mr. Swinnen and forwarded an explicit video allegedly received from Mr. Haehn. *Id.* at ¶¶ 22-23. Plaintiff alleges Mr. Swinnen confirmed with Mr. Haehn that he sent the video. *Id.* at ¶ 24. EVF ultimately terminated Plaintiff's employment on December 26, 2016. *Id.* at ¶¶ 11, 25. Plaintiff alleges EVF failed to follow its policies, failed to thoroughly investigate her claims, and failed to remedy the alleged issues. *Id.* at ¶ 25.

---

[1] The following background is based on the pleadings and, for purposes of the pending motion to dismiss, accepts as true Plaintiff's well-pleaded factual allegations. *See* FED. R. CIV. P. 12(b)(6). The Court declines to consider Plaintiff's affidavit submitted in support of her response brief (Doc. 12 at 14-15) and convert this motion to one for summary judgment. *See Christensen v. Big Horn Cty. Board of Cty. Comm'rs*, 374 F. App'x 821, 826 (10th Cir. 2010) ("[T]he conversion process and notice requirement are not triggered by the mere presence of outside materials, but by the court's <u>reliance</u> on such materials—which are inapposite to a proper Rule 12(b)(6) disposition."); 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1366 (3d ed. 2018) (recognizing the court's "complete discretion" to determine whether to accept, reject, or simply not consider the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion).

In February and/or March 2017, Plaintiff reported Mr. Haehn's actions to senior legal counsel for KDADS and was told an investigation into her allegations would be conducted. *Id.* at ¶ 26. Plaintiff alleges, however, that Defendants—KDADS and Timothy Keck, Secretary of KDADS—did not conduct a prompt and thorough investigation of her allegations, did not take prompt and appropriate action to remedy the alleged issues, and failed to provide her with any further information or the results of any investigation. *Id.* at ¶¶ 28-30.

### B. Charge of Discrimination

On or about March 15, 2018, Plaintiff's attorney submitted a Charge of Discrimination ("Charge") on her behalf with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at Ex. A. The face of the Charge itself lists KDADS as the respondent. *Id.* In the section of the Charge indicating the bases of the alleged discrimination, the box indicating "sex" discrimination is checked; no other boxes in this section are checked. *Id.* The Charge alleges continuing discrimination from September 1, 2016 to the present. *Id.*

Submitted simultaneously with the Charge was an additional document reciting the factual allegations associated with the Charge. *Id.* In this document, Plaintiff identifies both KDADS and Mr. Keck as respondents. *Id.* Again, Plaintiff identifies the basis of the alleged discrimination as "sex" and states that the discrimination began in September 2016 and is ongoing. *Id.* In her factual narrative, Plaintiff recites the allegations related to Mr. Haehn's conduct, as summarized in Part I.A, above. The narrative concludes with the statement: "Claimant swears and affirms she has read the above charge and that it is true to the best of her knowledge, information and belief." *Id.* The document is signed by Plaintiff's attorney, Brenda L. Head, below the statement "[r]espectfully submitted on behalf of Jennifer A. Gill." *Id.* Ms. Head's signature is not notarized. *Id.* Plaintiff's signature does not appear on either the Charge itself or the accompanying narrative document.

3

### C. Instant Action

Following receipt of the Charge, the EEOC forwarded Plaintiff's request for a notice of right to sue to the U.S. Department of Justice ("DOJ") for action. *Id.* at Ex. B. The Civil Rights Division of the DOJ subsequently issued Plaintiff a right-to-sue letter on June 8, 2018. *Id.* at Ex. C. On September 6, 2018, Plaintiff filed this action, naming KDADS and Mr. Keck—in both his individual capacity and his official capacity as Secretary of KDADS—as Defendants. Doc. 1. Plaintiff asserts claims for: (1) sex discrimination and harassment in violation of Title VII, (2) retaliation under Title VII, (3) deprivation of his federal rights pursuant to 42 U.S.C. § 1983, and (4) intentional infliction of emotional distress. *Id.* Defendants move to dismiss each of these claims pursuant to Rule 12(b)(6) for failure to state a claim for relief. Doc. 6.

## II. STANDARD

Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's claim is facially plausible if he pleads sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" but "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

This standard results in two principles that underlie a court's analysis. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Stated differently, though the court must accept well-pleaded factual

4

allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). "In keeping with these [two] principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III. ANALYSIS

Defendants seek to dismiss the complaint in its entirety, arguing that (1) Plaintiff failed to exhaust her administrative remedies prior to filing suit under Title VII, (2) Plaintiff does not allege any factual basis for her claim under § 1983, and (3) Plaintiff likewise fails to allege sufficient facts to support her state law claim for intentional infliction of emotional distress. Doc. 7 at 6-12. For the following reasons, the Court agrees that dismissal is warranted. The Court first addresses Plaintiff's claims under Title VII.

### A. Title VII (Counts I and II)

Plaintiff asserts two claims under Title VII in this action: Count I for sex discrimination and harassment and Count II for retaliation. Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC. *Semsroth v. City of Wichita*, 304 F. App'x 707, 712 (10th Cir. 2008) ("Prior to filing [a civil suit pursuant to Title VII] in federal court, plaintiffs must administratively exhaust their claims in a timely fashion by filing

a charge with the EEOC."). The charge may be filed "by <u>or on behalf of</u> a person claiming to be aggrieved." 42 U.S.C. § 2000e-5(b) (emphasis added); *see also* 29 C.F.R. § 1601.7(a). The charge must be in writing, signed, and verified. *See* 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing under oath or affirmation."); 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified."). A charge is "verified" when it is (1) sworn to or affirmed before a notary public, designated representative of the EEOC, or other person duly authorized by law to administer oaths and take acknowledgements, or (2) supported by an unsworn declaration in writing under penalty of perjury. 29 C.F.R. § 1601.3(a).

Here, Defendants' failure to exhaust argument rests in part[2] upon their contention that Plaintiff herself did not sign the Charge and that the Charge was not properly verified. Doc. 7 at 9. The Charge states that Plaintiff "swears and affirms she has read the [Charge] and that it is true to the best of her knowledge, information and belief." Doc. 1 at Ex. A. Plaintiff argues that this affirmation, along with her attorney's signature—below the statement "[r]espectfully submitted on behalf of [Plaintiff]"—was sufficient to comply with the statutory and regulatory requirements for verification. Doc. 12 at 10.

Although the Court disagrees with Defendants that Plaintiff's signature was required (as set forth above, the applicable statute and regulations expressly permit Plaintiff's attorney to submit the Charge on her behalf), the Court agrees that the Charge was not verified and therefore dismisses Counts I and II for failure to exhaust. Although an EEOC charge may be made on behalf of an aggrieved party, this "<u>do[es] not dispense with the requirement that a plaintiff verify the facts supporting a claim</u>." *Fry v. Muscogee Cty. Sch. Dist.*, 150 F. App'x 980, 982 (11th Cir. 2005)

---

[2] Because the Court ultimately agrees that the Charge was not verified—and, therefore, Plaintiff did not exhaust her administrative remedies prior to filing suit—the Court does not address Defendants' additional argument regarding the timeliness of the Charge.

6

(emphasis added); *see also EEOC v. JBS USA, LLC*, 794 F. Supp. 2d 1188, 1200 (D. Colo. 2011) ("Although the applicable regulations allow charges of discrimination to be submitted on behalf of a person, the charge must still be verified."), *overruling on other grounds recognized by Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159 (10th Cir. 2018); *cf. Howard v. Semco Duct & Acoustical Prods., Inc.*, 2013 WL 4451117, at *2 (W.D. Va. 2013) (finding that wife's signature made under penalty of perjury was sufficient to verify her husband's EEOC charge but contrasting this with scenario where signature was not made under penalty of perjury). An attorney's signature, standing alone, therefore will not constitute verification "if the attorney does not personally swear to the truth of the facts stated in the charge and does not have personal knowledge of those facts." *Butler v. Greif, Inc.*, 325 F. App'x 748, 749 (11th Cir. 2009); *see also Davenport v. Asbury, Inc.*, 2013 WL 1320696, at *5 (E.D. Tenn. 2013) ("[P]laintiff's argument that her charge was valid as the regulations permit a third party to file the charge on her behalf, as her attorney did here, fails, as plaintiff's attorney did not personally swear to the facts in the Charge of Discrimination . . . and there is no indication that plaintiff's attorney had personal knowledge of the facts forming the basis for the allegations in the charge.").

Plaintiff's Charge was not sworn to or affirmed before a notary public or other authorized individual, nor was it supported by an unsworn declaration in writing <u>under penalty of perjury</u>. *See* 29 C.F.R. § 1601.3(a) (listing methods of verification). The weight of the authority therefore dictates that Plaintiff's mere attestation, coupled with her attorney's signature, is not sufficient. Indeed, similar unverified signature lines have been held insufficient. In *Fry v. Muscogee County School District*, the plaintiff filed a charge with the EEOC asserting disability discrimination and retaliation. 150 F. App'x at 981. The district court granted summary judgment on these claims because the plaintiff's EEOC charge was not signed and verified. *Id.* The charge was filed on the

7

plaintiff's behalf by her attorney with the statement "Patricia Fry w/permission MTM" and was not accompanied by any verification. *Id.* at 981-82. The Eleventh Circuit noted that, although EEOC regulations allow a charge to be filed on behalf of another person, the facts supporting a claim must still be verified. *Id.* at 982. In affirming the district court's decision, the court therefore held that 29 C.F.R. § 1601.9 "require[s] a charge to be signed and verified" and that this "verification requirement is mandatory." *Id.* Because the EEOC charge was not verified, the plaintiff could not maintain her lawsuit. *Id.*

The Court agrees with *Fry*'s reasoning. Plaintiff's attorney filed the Charge on Plaintiff's behalf, as she was permitted to do, but did not verify that Charge by signing it <u>under penalty of perjury</u>. Together, the applicable statute and its accompanying regulations establish dual requirements: (1) that the aggrieved party or someone acting on her behalf file a charge with the EEOC before bringing suit <u>and</u> (2) that the charge be verified. Allowing a claimant to file a charge without attesting to the veracity of the contents of that charge would obviate the purpose of the verification requirement, which is to "protect[] employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury." *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 113 (2002); *see also Gad v. Kan. State Univ.*, 787 F.3d 1032, 1040 (10th Cir. 2015) ("Verification is particularly important because it helps weed out frivolous or harassing claims."). For these reasons, the Court dismisses Plaintiff's Title VII claims—Counts I and II[3]—for failure to exhaust her administrative

---

[3] Further, even if the Charge were properly verified, dismissal of Plaintiff's retaliation claim is nonetheless warranted for failure to exhaust because this claim is outside the scope of her Charge. A plaintiff's claim in federal court "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (internal quotations omitted). In her Charge, Plaintiff did not mark the box for retaliation and, rather, only marked the box for sex discrimination. Doc. 1 at Ex. A. The failure to mark a particular box on a charge "creates a presumption that the charging party is not asserting claims represented by that box." *Jones*, 502 F.3d at 1186. And although this presumption may be rebutted "if the text of the charge clearly sets forth the basis of the claim," here, the Charge only includes allegations of sexual discrimination. *Id.*; Doc. 1 at Ex. A. The Charge does not allege any

remedies.[4] This dismissal is without prejudice to Plaintiff refiling her claims in the future should she be able to exhaust her administrative remedies and plead a timely complaint.[5]

**B.     Section 1983 (Count III)**

Plaintiff brings Count III pursuant to 42 U.S.C. § 1983, asserting violation of her federally-protected rights. Federal law recognizes a private cause of action against any person who, under color of state law, "subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983 thus operates as a procedural device through which a party may seek relief for the deprivation of a constitutional right. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 615-20 (1979).

The Supreme Court has held that § 1983 claims require two essential allegations to state a cause of action. First, the plaintiff must allege that a person has deprived him of a federal right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Second, he must allege that the person who deprived him of that right acted under color of state law. *Id.* Some courts—including this Circuit—have viewed this as four separate requirements: (1) a violation of federal rights, (2) proximately caused, (3) by the conduct of a person, (4) acting under color of state law. *See, e.g.*, *Summum v. City of*

---

materially adverse employment action(s) by Defendants that could plausibly indicate retaliation on the part of Defendants. Because Plaintiff did not raise her retaliation claim at the administrative level, Plaintiff has failed to exhaust this claim and cannot now assert it in this action. The Court further notes that the policy concerns underlying the general principle that an EEOC charge be "liberally construed"—i.e., the fact that such charges are usually drafted by non-attorneys—is not present in this case. *See Smith*, 904 F.3d at 1166 ("Because EEOC Charges are traditionally filed by non-attorneys, we have repeatedly emphasized that the Charges should be 'liberally construe[d]' at all levels of their review."). Here, Plaintiff's Charge was drafted by counsel.

[4]  The Court rejects Plaintiff's argument that Defendants cannot raise this issue at the motion to dismiss stage. The Tenth Circuit has held that the verification requirement is not an affirmative defense but, rather, a condition precedent to filing a lawsuit. *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1041-42 (10th Cir. 2015). The plaintiff therefore bears the burden to affirmatively plead it and, as such, an employer may achieve dismissal by identifying and raising a defect in verification. *Id.* at 1040-41. Plaintiff's charge was attached to her complaint (*see* Doc. 1 at Ex. A) and Defendants may challenge the sufficiency of the pleadings under Rule 12(b)(6).

[5] The Court notes this Circuit's position that "[o]rdinarily, a dismissal based on a failure to exhaust administrative remedies should be without prejudice." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009); *see also Smith*, 904 F.3d at 1166.

9

*Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002); *Farnsworth v. City of Mulvane, Kan.*, 660 F. Supp. 2d 1217, 1223 (D. Kan. 2009).

Plaintiff asserts Count III against KDADS and against Mr. Keck in both his individual capacity and his official capacity as Secretary of KDADS. The Court first addresses the KDADS and official-capacity claim.

### 1. KDADS and Official-Capacity Claim

Plaintiff's § 1983 claim against KDADS and against Mr. Keck in his official capacity fails because he cannot prove an element of his prima facie case: that a <u>person</u> deprived him of his federally-protected rights. The Supreme Court has held that states, state agencies, and—except in actions for prospective relief[6]—state officials[7] sued in their official capacities are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 n.10 (1989); *see also Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Here, Plaintiff attempts to hold a state department (KDADS) and an official of that state department (Mr. Keck) acting in his official capacity liable under § 1983. His claim fails because, simply put, Supreme Court precedent establishes that such individuals and entities are not subject to suit under § 1983. The Court accordingly dismisses Count III against KDADS and against Mr. Keck in his official capacity.

---

[6] The Court notes that Plaintiff has not requested any prospective relief in this case. *See* Doc. 1.

[7] Although "[o]bviously, state officials literally are persons . . . a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against the State itself." *Id.*

### 2. Individual-Capacity Claim

Plaintiff's § 1983 claim against Mr. Keck in his individual capacity likewise fails. In contrast to official-capacity suits, individual-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Individual liability under § 1983 requires "personal involvement in the alleged constitutional violation." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (internal quotations omitted). In cases of supervisory liability, it is "not enough in our circuit 'for a plaintiff merely to show defendant was in charge of other state actors who actually committed the violation.'" *Id.* (quoting *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006)). To impose § 1983 liability a plaintiff must first establish the supervisor's subordinates violated her federal rights. *Id.* Then, the plaintiff must show an "affirmative link" between the supervisor's conduct and the violation. *Id.*

To demonstrate such a connection a plaintiff must establish: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. A plaintiff's failure to plead facts showing a defendant's personal participation in the alleged violation at issue "will trigger swift and certain dismissal." *Estate of Roemer v. Johnson*, 2019 WL 1084194, at *5 n.5 (10th Cir. 2019).

Here, Plaintiff fails to plead any facts plausibly suggesting an affirmative link between Mr. Keck and the alleged deprivation of Plaintiff's federally-protected rights. Her claim against Mr. Keck is ostensibly premised solely on Mr. Keck's position as Secretary of KDADS. Plaintiff's bare assertions in the complaint that Defendants did not conduct a prompt and thorough

investigation of her allegations, did not take prompt and appropriate action to remedy the alleged issues, and failed to provide her with the results of any investigation (Doc. 1 ¶¶ 28-30) and, further, that Defendants "expressly authorized or ratified" the conduct of Mr. Haehn (*Id.* at ¶ 32) are inadequate to impose supervisory liability on Mr. Keck. Supervisory liability "must be based on more than the right to control employees" and "[l]ikewise, simple awareness of employee misconduct does not lead to supervisory liability." MARTIN A. SCHWARTZ, SECTION 1983 LITIGATION CLAIMS & DEFENSES § 7.19 (4th ed. 2019) (quoting *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)). For these reasons, the Court dismisses Count III against Mr. Keck in his individual capacity.

### C. Intentional Infliction of Emotional Distress (Count IV)

Plaintiff also asserts a state law claim for intentional infliction of emotional distress. The Court had original jurisdiction over Plaintiff's federal Title VII and § 1983 claims pursuant to 28 U.S.C. § 1331. However, given its dismissal of those claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claim and therefore dismisses that claim without prejudice.[8]

A district court has discretion to exercise supplemental jurisdiction over a state law claim that derives from "a common nucleus of operative fact" as a pending federal claim. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997); *see also* 28 U.S.C. § 1367(a) (except as otherwise provided, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

---

[8] Because the Court dismisses Plaintiff's intentional infliction of emotional distress claim for lack of subject matter jurisdiction, it necessarily does not address the parties' arguments regarding the merits of that claim.

In deciding whether to exercise supplemental jurisdiction over a state law claim, the district court should consider whether the values of judicial economy, convenience, and fairness would be served by retaining jurisdiction. *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013). A district court may decline supplemental jurisdiction when the claims over which it had original jurisdiction have been dismissed. *See, e.g.*, *Exsum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004); *Heffington v. Derby United Sch. Dist. 260*, 2011 WL 5149257, at *3 (D. Kan. 2011).

Here, the proceedings are at an early stage and the remaining cause of action—following dismissal of Plaintiff's federal claims—is a purely state law claim. Considering the various factors, therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law intentional infliction of emotional distress claim. Count IV is accordingly dismissed without prejudice for lack of jurisdiction.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' Motion to Dismiss (Doc. 6) is GRANTED. Plaintiff's claims are DISMISSED.

IT IS SO ORDERED.

DATED: May 30, 2019    /s/ *Holly L. Teeter*
　　　　　　　　　　　　HOLLY L. TEETER
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE